JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF MILLER, an individual, | Case No. 8:18-01308 AG (ADSx) |
| Plaintiff, | |
| v. | ORDER REMANDING CASE TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO |
| JOSEPH GLENN OSBORNE, CONNIE SUE OSBORNE, JOSEPH GLENN OSBORNE II, all individuals, and DOES 1 TO 10, | |
| Defendants. | |

The Court sua sponte **REMANDS** this action to the California Superior Court for the County of San Diego for lack of subject matter jurisdiction and improper venue, as set forth below.

**I.  BACKGROUND**

On October 3, 2017, plaintiff Jeff Miller ("Plaintiff") filed an unlawful detainer action in the San Diego County Superior Court against defendants Joseph Glenn Osborne, Connie Sue Osborne, Joseph Glenn Osborne II, and Does 1 to 10, inclusive.

[Dkt. No. 1, p. 10]. On July 27, 2018, defendant Connie Sue Osborne ("Defendant") filed a Notice of Removal in the United States District Court for the Central District of California. [Dkt. No. 1].

## II.   SUBJECT MATTER JURISDICTION

In evaluating whether removal is proper, the Court must look to determine whether it has jurisdiction over the case. From a review of the Notice of Removal and the state court records attached to it by Defendant, it is evident that the Court lacks subject matter jurisdiction over the instant case. "The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002) (quoting Great N. Ry. Co. v. Alexander, 246 U.S. 276, 280 (1918)). Generally, where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. Id.; Nevada v. Bank of Am. Corp., 672 F.3d 661, 667 (9th Cir. 2012); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal jurisdiction. Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 682 (9th Cir. 2006); Gaus, 980 F.2d at 566-67. "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction

may not be waived, and . . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).

### A. Federal Question Jurisdiction

Defendant seeks to establish jurisdiction of the Court by arguing that the case involves a federal question. In particular, Defendant alleges that Plaintiff's complaint is "based upon" the federal Protecting Tenants at Foreclosure Act of 2009 ("PTFA"). [Dkt. No. 1, p. 4]. Upon review, there is no basis for federal question jurisdiction in this case.

Pursuant to the "well-pleaded complaint rule," federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). "Unlawful detainer is an exclusively state law claim that does not require the resolution of any substantial question of federal law." Martingale Invs., LLC v. Frausto, 2013 WL 5676237, at *2 (C.D. Cal. Oct. 17, 2013). Here, Plaintiff's underlying complaint asserts a single cause of action for unlawful detainer. [Dkt. No. 1, pps. 10-12]. The PTFA does not appear on the face of the complaint. [Dkt. No. 1, pps. 10-12].

To the extent that Defendant is asserting an affirmative defense against Plaintiff under the PTFA, an "affirmative defense based on federal law" does not "render[] an action brought in state court removable." Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994); see also Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."). Similarly, federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim." Vaden v. Discover Bank, 556 U.S. 49, 60 (2009).

Importantly, the PTFA appears to be intended to be used for protection in state court and does not create a private right of action or a basis for federal subject matter jurisdiction. See Logan v. U.S. Bank National Association, 722 F.3d 1163, 1173 (9th Cir. 2013) (holding the PTFA does not create a private right of action); see also BDA Inv. Properties, LLC v. Sosa, 2011 WL 1810634, at *2-3 (C.D Cal. May 12, 2011) ("The Court also notes that the PTFA . . . cannot even raise a 'substantial federal question' because these provisions do not create a private right of action."); U.S. Bank NA v. Sung Min Koo, 2017 WL 4081890, at *2 (C.D. Cal. Sept. 14, 2017) ("PTFA does not preempt Plaintiff's state-created unlawful detainer claim."). For all of these reasons, removal of this action cannot be based on the PTFA or federal question jurisdiction.

**B.     Diversity Jurisdiction.**

Neither is there a basis for diversity jurisdiction in this case. Federal courts also have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). In addition, with diversity jurisdiction, removal is not permitted where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action, even if the opposing parties are citizens of different states. See 28 U.S.C. § 1441(b)(2) (stating removal is not allowed if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

According to the Notice of Removal and its attachments, the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. See 28 U.S.C. § 1332(a). On the contrary, the unlawful detainer complaint expressly states that the amount in controversy "does not exceed $10,000." [Dkt. No. 1, p. 10]. Also, Plaintiff

filed suit in California and Defendant resides in California. [Dkt. No. 1, p. 1]. Therefore, there is no basis for removal on the basis of diversity jurisdiction.

**III.   IMPROPER VENUE**

In addition to the lack of federal subject matter jurisdiction, the Court finds that the Central District of California is the improper venue for this case. A district court may raise the issue of defective venue on its own motion when the responding party has not yet filed a responsive pleading and the time for doing so has not run. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). Title 28 of the United States Code Section 1441 provides, in pertinent part, that ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and divisions embracing the place where such action is pending." Id.

Here, Plaintiff initiated this action in the California Superior Court, County of San Diego. As such, even if there was subject matter jurisdiction, which there is not, under 28 USC § 1441, the proper removal district would be the Southern District of California. See also 28 U.S.C. § 84(d) ("The Southern District [of California] comprises the counties of Imperial and San Diego."). The Central District of California is not the proper venue for this case upon removal.

**IV.   CONCLUSION**

Pursuant to 28 USC § 1447(c), "[if] at any time before final judgment it appears that the district court lacks subject matter jurisdiction the case shall be remanded." As discussed above, the federal courts do not have subject matter jurisdiction over this unlawful detainer action nor is the Central District of California the proper venue. Therefore, this matter is hereby **REMANDED** to the Superior Court of California,

County of San Diego. The Clerk is directed to send a certified copy of this Order to the state court and serve copies of this Order on the parties.

**IT IS SO ORDERED**.

Dated: August 03, 2018  _____
HONORABLE ANDREW J. GUILFORD
United States District Judge

Presented by:

　　/s/ Autumn D. Spaeth
HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge